UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAVON GRAYSON-MORROW,

                 Plaintiff,

v.                                              Case No. 25-cv-1069-pp

STATE OF WISCONSIN CIRCUIT COURT, *et al.*,

                 Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 7), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A (DKT. NO. 1) AND DISMISSING CASE FOR FAILURE TO STATE CLAIM**

Plaintiff Javon Grayson-Morrow, who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. This decision resolves his motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1. It also denies as moot the plaintiff's motion to amend the complaint. Dkt. No. 7.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 6, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $31.51. Dkt. No. 6. The court received that fee on August 20, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues the "State of Wisconsin Circuit Court" and the State of Wisconsin Department of Corrections (DOC). Dkt. No. 1 at 1. He alleges that when his probation was revoked in Marathon County Court Case Number 21CF830, he was incarcerated from 2022 through 2024. Id. at 2. The plaintiff avers that he was held eight months past his original release date. Id. He alleges that his appeal lawyer, Attorney Lena D. Archer, caught this mistake while going over his case on appeal. Id. at 2-3. Attorney Archer allegedly filed a

3

motion with the court regarding the plaintiff's custody credit, showing that he should have been released in January 2024. Id. at 3. The plaintiff alleges that once Attorney Archer filed the motion, the DOC immediately released the plaintiff in September 2024. Id. The plaintiff says that after his release, the DOC took the eight months off the remainder of his extended supervision to try to make up for the eight months he unnecessarily spent in prison. Id. The plaintiff seeks monetary damages for the time he spent in prison that he wasn't supposed to be there. Id. at 4.

On August 25, 2025, the plaintiff filed a motion to amend the complaint, seeking to add pain and suffering to his request for relief. Dkt. No. 7. The plaintiff's complaint already seeks compensatory and punitive damages for the time he spent in prison. Dkt. No. 1 at 4. It is not necessary for him to amend the complaint for damages for "pain and suffering," so the court will deny as moot the plaintiff's motion to amend. Dkt. No. 7.

C. Analysis

The plaintiff has sued the State of Wisconsin Circuit Court and the DOC, but neither of those entities is subject to suit under §1983. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The "State of Wisconsin Circuit Court" is not a person—it is not an individual subject to suit under §1983. Jones v. Rock Cnty. Cir. Ct., Case No. 19-CV-429, 2021 WL 5232325, at *1 (W.D. Wis. Nov. 10, 2021) (citing McCormack v. Wright, Case No. 12-cv-483, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding

that because a circuit court is part of the county government it serves, it is not a separate suable entity); Hoffman v. Kehl, Case No. 08-C-41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity because it is an agency of the state)). And the plaintiff may not proceed against the DOC because it is entitled to sovereign immunity and is immune from suit. See Mayhugh v. State, 364 Wis. 2d 208, 224 (2015).

Even if the plaintiff had sued a proper defendant under §1983, he alleges that his prolonged incarceration was the result of a mistake that was corrected after his attorney filed a motion in his criminal case. He alleges that the DOC immediately released him and took eight months off his extended supervision to try to make up for the eight months he unnecessarily spent in prison. The plaintiff *does not* allege that his incarceration was the product of deliberate indifference. "[I]ncarceration beyond the date when a person is entitled to be released" implicates the plaintiff's rights under the Eighth Amendment *if* it is the product of deliberate indifference. Peoples v. Cook County, 128 F.4th 901, 907 (7th Cir. 2025) (quoting Figgs v. Dawson, 829 F.3d 895, 902 (7th Cir. 2016)); see also Burke v. Johnson, 452 F.3d 665, 669 (7th Cir. 2006) ("[W]e agree that incarceration after the time specified in a sentence has expired violates the Eighth Amendment if it is the product of deliberate indifference.").

Under the Eighth Amendment, prison officials "may not act with deliberate indifference toward a known risk that a prisoner is being held beyond his term of incarceration without penological justification." Peoples,

5

128 F.4th at 909 (quoting Whitfield v. Spiller, 76 F.4th 698, 714 (7th Cir. 2023)). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Id. (quoting Figgs, 829 F.3d at 903). The plaintiff's allegation that his wrongful incarceration was the result of a mistake means that he cannot state a claim that it was the result of deliberate indifference.

The plaintiff has not stated a claim for violation of his constitutional rights. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint regarding his claim that he was mistakenly incarcerated beyond the term of his sentence.

### III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion to amend complaint. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$318.49** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of the Milwaukee Secure Detention Facility, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a

motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this __ day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:25-cv-01069-PP   Filed 11/13/25   Page 8 of 8   Document 9